# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ZAVALA,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT VALDES,<br><br>  Defendant.<br>_____/ | Case No. 1:24-cv-01360-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE**<br><br>(Docs. 4 & 8)<br><br>**TWENTY-ONE DAY DEADLINE** |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the complaint in this action on November 6, 2024.  (Docs. 1, 2, & 3.)

On November 19, 2024, the Court issued an order finding that Plaintiff's complaint failed to state any cognizable claims and granting leave for Plaintiff to file an amended complaint within thirty days.  (Doc. 4.)  To date, Plaintiff has not filed an amended complaint or requested an extension of time within which to do so.[1]  Instead, on November 25, 2024, Plaintiff filed a "Request for Emergency Protective Order" based on the same allegations made in his complaint.  (*See* Doc. 7.)

On January 7, 2025, an order issued for Plaintiff to show cause ("OSC") within twenty-one

---

[1] Plaintiff filed a filed a document captioned "Request for Extension to Respond," which purported to request to extend time for him to respond to the Court's screening order "on a basis of conflict of interest."  (Doc. 9.)  This request was denied "without prejudice to filing a renewed request that presents good cause for an extension of time."  (Doc. 10 at 2.)  No other request to extend time has been made.

days why the action should not be dismissed for his failure to comply with the Court's screening order and for failure to prosecute this case. (Doc. 8.) Plaintiff was warned in the screening order and in the OSC that failure to comply with the Court's order would result in a recommendation to the presiding district judge of the dismissal of this action. (*Id*. at 2. *See also* Doc. 4 at 8.) Plaintiff has not yet filed any response, and the time to do so has passed.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. *See also* E.D. Cal. Local Rule 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the screening order and the OSC, there is no alternative but to dismiss the action for his failure to obey court orders and failure to prosecute.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court DIRECTS the Clerk of Court to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **February 3, 2025**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE