**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTONIO ZAVALA, | Case No. 1:24-cv-01360 JLT SKO |
| Plaintiff, | ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION, DENYING PLAINTIFF'S REQUEST FOR EMERGENCY PROTECTIVE ORDER, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE |
| v. | |
| ROBERT VALDES, | |
| Defendant. | |
| | (Docs. 7, 11) |

Antonio Zavala seeks hold Robert Valdes, a Fresno police officer, liable for violations of his civil rights. The assigned magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and found Plaintiff did not state a cognizable claim. (Doc. 4 at 3-7.) The Court directed Plaintiff to file an amended complaint or notify the Court if he wished to stand on his complaint. (*Id.* at 8.) Plaintiff did not file an amended complaint.[1] Instead, Plaintiff filed a "Request for Emergency Protective Order" based on the same allegations made in his complaint. (*See* Doc. 7.) The magistrate judge ordered Plaintiff to show cause why the action should not be dismissed for his failure to comply with the Court's screening order and for failure to prosecute this case. (Doc. 8.) Plaintiff did not file any response to the order.

---

[1] Plaintiff filed a filed a document captioned "Request for Extension to Respond," which purported to request to extend time for him to respond to the Court's screening order "on a basis of conflict of interest." (Doc. 9.) This request was denied "without prejudice to filing a renewed request that presents good cause for an extension of time." (Doc. 10 at 2.) No other request to extend time has been made.

1

The magistrate judge found Plaintiff failed to obey Court orders and failed to prosecute this action, and recommended dismissal. (Doc. 11.) The Court served the Findings and Recommendation on Plaintiff and notified him that any objections were due within 21 days. (*Id.* at 2.) The Court advised him that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636 (b)(1), the Court performed a de novo review of the case. Having carefully reviewed the matter, the Court concludes the finding that Plaintiff failed to comply with the Court's orders and failed to prosecute the action are supported by the record and proper analysis. In finding terminating sanctions are appropriate, the Court also considers the factors outlined by the Ninth Circuit, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Because Plaintiff delayed the action though his failure to obey the Court's orders, the third factor also supports dismissal. Further, as the magistrate judge observed, the Court warned Plaintiff that failure to comply would result in a recommendation of dismissal. (Doc. 11 at 2, citing Doc. 8 at 2.) The Court need only warn a party once that the matter could be dismissed to satisfy the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Thus, the *Henderson* factors weigh in favor of dismissal for Plaintiff's failure to comply with the Court's orders and failure to prosecute. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

Finally, the Court denies Plaintiff's "Request for Emergency Protective Order" because, as the magistrate judge found, he did not state a cognizable claim for relief in his complaint. Consequently, Plaintiff cannot meet his burden to demonstrate a likelihood of success on the merits. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (To obtain injunctive relief, the moving party must show "that he is likely to succeed on the merits.").

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendation issued February 4, 2025 (Doc. 11) are **ADOPTED** in full.
2. Plaintiff's "Request for Emergency Protective Order" (Doc. 7) is **DENIED**.
3. This action is **DISMISSED** due to Plaintiff's failure to obey court orders and failure to prosecute this action.
4. The Clerk of Court is directed to **CLOSE** this case.

IT IS SO ORDERED.

Dated:   **March 7, 2025**

UNITED STATES DISTRICT JUDGE

3